
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JASON RIIS, CODY HOLCOMBE, AARON HENNING, GENA ALVAREZ, and DIRK SPARKS,<br><br>                  Plaintiffs,<br><br>vs.<br><br>JOHN DOES ONE THROUGH TWENTY, MATTHEW SHAVER, IN HIS PERSONAL CAPACITY; THE CITY OF PIERRE, and THE CITY OF SISSETON,<br><br>                  Defendants. | 3:17-CV-03017-RAL<br><br>OPINION AND ORDER GRANTING IN PART MOTIONS FOR PROTECTIVE ORDERS |

**I.    Summary of Facts Relevant to Motions**

Plaintiffs Jason Riis, Cody Holcombe, Aaron Henning, Gena Alvarez and Dirk Sparks (collectively "Plaintiffs") sued John Does One Through Twenty identified as unnamed police officers of the cities of Pierre and Sisseton, Pierre police officer Matthew Shaver, the City of Pierre and the City of Sisseton (collectively "Defendants"). Plaintiffs invoke federal question jurisdiction and allege claims under 42 U.S.C. §§ 1983 and 1985 and Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). Doc. 1 at ¶¶ 86–105. Plaintiffs recently have been granted leave to amend their complaint to add the South Dakota Highway Patrol as a defendant. Docs. 27, 28. Each of the Plaintiffs allegedly underwent forced catheterization to obtain urine samples at the behest of law enforcement. When the forced catheterizations occurred, Plaintiffs Riis, Holcombe and Sparks were in the custody of Pierre police; Plaintiff Henning was in the custody of Sisseton police; and Plaintiff Alvarez was in the custody of the South Dakota Highway Patrol. Doc. 1 at ¶¶ 41–84. According to the Complaint, law

1

enforcement had obtained search warrants to obtain a urine sample from four of the five Plaintiffs[1], but no court order specifically allowing or consent to catheterization of any of the Plaintiffs. Doc. 1. Plaintiffs seek monetary and injunctive relief.

Part of the Complaint, and in turn the newly filed Amended Complaint, alleges a civil conspiracy, Doc. 1 at ¶¶ 31-40, and 42 U.S.C. § 1985 is explicitly cited in the Complaint, Doc. 1 at ¶ 88. Plaintiffs allege that law enforcement in various cities and counties in South Dakota have conspired through written and oral communications to justify and spread the practice of forced catheterization to obtain urine samples, and Plaintiffs specifically allege the City of Winner and Tripp County, the City of Lake Andes and Charles Mix County, and the cities of Mobridge, Wagner and Platte to be conspirators with the Defendants. Doc. 1 at ¶¶ 31–34. The Complaint quotes what two attorneys are reported to have told the Sioux Falls Argus Leader about forced catheterization practices in south central South Dakota. Doc. 1 at ¶¶ 35–38. One of those attorneys—Lake Andes attorney Timothy Whalen—reportedly said that police have the Wagner and Platte hospitals conduct forced catheterizations to collect urine samples "on a regular basis" without anesthesia causing "a lot of screaming and hollering." Doc. 1 at ¶ 35; Doc. 26-2.

On October 16, 2017, Plaintiffs issued subpoenas duces tecum to the Administrator of the Platte Hospital and the Administrator of the Wagner Community Memorial Hospital for the following:

1. All medical records for every catheterization, or obtaining a urine sample, conducted between June 29, 2014, and the present, at the request of a law enforcement agency or officer.

    Before producing these documents, you are required to delete all personally identifying information, and all information that HIPAA requires you to delete, so as not to disclose the identity of the person.

2. All communication (electronic and otherwise) between June 29, 2014, and the present, with law enforcement agencies or officers concerning catheterization, or obtaining a urine sample.

3. All written policies and instructional materials on obtaining a urine sample, that were in effect at any time between June 29, 2014, and the present.

---

[1] One of the search warrants authorized a urine sample from anyone present when a search warrant for a residence was executed. Doc. 1 at ¶ 63.

4. All written policies and instructional materials on catheterization, or obtaining a urine sample at the request of law enforcement agencies or officers, that were in effect at any time between June 29, 2014, and the present.

5. All training or instructional materials regarding catheterization, or obtaining a urine sample at the request of law enforcement agencies or officers, and under what circumstances catheterization, or obtaining a urine sample, should be considered, attempted, or done at the request of law enforcement agencies or officers.

On October 16, 2017, Plaintiffs also issued subpoenas duces tecum to the Police Chief of Lake Andes; the Police Chief of the City of Mobridge; the Police Chief of the City of Platte; the Police Chief of the City of Wagner; the Police Chief of the City of Winner; the Sheriff of Charles Mix County; the Sheriff of Hughes County; the Sheriff of Roberts County; the Sheriff of Tripp County (collectively "other law enforcement agencies"); the South Dakota Highway Patrol; and attorney Whalen for the following documents:

1. The affidavit for search warrant, search warrant, and return for every catheterization, or obtaining a urine sample, conducted between June 29, 2014, and the present.

2. All police reports for every detention, arrest, or incarceration that included a catheterization, or obtaining a urine sample, between June 29, 2014, and the present.

3. All videotapes of every catheterization, or obtaining a urine sample, between June 29, 2014, and the present.

4. All communication (electronic or otherwise) between June 29, 2014, and the present, with law enforcement agencies or officers concerning catheterization, or obtaining a urine sample.

5. All written policies or instructional materials on catheterization, or obtaining a urine sample, that were in effect at any time between June 29, 2014, and the present.

6. All training or instructional materials regarding catheterization, or obtaining a urine sample, and under what circumstances catheterization, or obtaining a urine sample, should be considered, attempted, or done.

On October 24, 2017, Defendants Shaver and the City of Pierre filed a Motion for Protective Order, Doc. 15, in which Defendant City of Sisseton joined, Doc. 22. Attorney Whalen filed a Motion to Quash or Modify Subpoena or for Protective Order. Doc. 19. Plaintiffs opposed these motions. Docs. 24, 25. On November 7, 2017, this Court held a hearing on those motions.

**II.      Discussion**

Rule 26(b)(1) sets the scope of discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" subject to certain proportionality limitations. Fed. R. Civ. P. 26(b)(1). Defendants argue that the proposed discovery is not relevant to any claim or defense, while Plaintiffs argue that the materials sought in the subpoenas duces tecum relate to their conspiracy claim. Naturally, the scope of discovery under Rule 26(b) is extremely broad. Stock v. BNSF Ry. Co., No. 4:14-CV-04074-RAL, 2015 U.S. Dist. Lexis 124063 at *4 (D.S.D. September 17, 2015). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007 (3d ed. 2017) (hereinafter "Wright & Miller") (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)). However, limiting discovery to claims and defenses means that "[a] plaintiff may not use a lawsuit as a tool for 'a fishing expedition' to seek grounds for another lawsuit." Gates v. Black Hills Health Care Sys., No. CIV 11-3013-RAL, 2013 WL 1683654, at *1 (D.S.D. April 17, 2013) (quoting E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 675 (8th Cir. 2012)); see also Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (noting that the liberal scope of Rule 26 does not allow parties to engage in "fishing expeditions" and mandating "[s]ome threshold showing of relevance" for discovery requests).

Rule 26(c)(1) grants a district court authority, for good cause, to issue a protective order and provides a list of potential remedies to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Either a "party or any person from whom discovery is sought may move for a protective order," so both Defendants and Whalen have the opportunity to seek such a protective order. Fed. R. Civ. P. 26(c)(1). Both Whalen and in response Plaintiffs seek expenses or sanctions against the other, which this court has discretion to award. Fed. R. Civ. P. 26(c)(3), 37(a)(5).

Ruling on the motions requires this Court to determine the proper scope of discovery here. The advisory committee's note to the 2000 amendments to Rule 26(b)(1) provides guidance for this task:

Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action[2]....The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings....When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

See Fed. R. Civ. P. 26(b) advisory committee's note to 2000 amendment. The key inquiry for this Court is what, if any, information requested by Plaintiffs through the subpoenas duces tecum meets the reasonable needs of this action.

Plaintiffs' Complaint, and newly filed Amended Complaint, allege a conspiracy involving law enforcement including the Defendants and the cities of Wagner, Platte, Mobridge, Lake Andes and Winner as well as Charles Mix and Tripp Counties. Plaintiffs' Complaint does not allege that attorney Whalen or any medical center is part of that conspiracy, although Whalen and the two medical providers subject to the subpoenas duces tecum appear to have knowledge regarding forced catheterizations that occurred in south central South Dakota. Plaintiffs have made no showing or even allegation that a criminal defense attorney from central South Dakota or medical providers have information regarding whether there is or is not some conspiracy among the named Defendants and other municipal or county law enforcement. Whalen and the two medical providers subject to the subpoenas duces tecum have no involvement with the Plaintiffs or the forced catheterization of these five Plaintiffs. Thus, in this particular case at this particular time, a protective order will issue under Rule 26(c)(1)(A) forbidding the discovery from the two medical providers and Whalen because Plaintiffs have failed to show that what is

---

[2] The 2015 amendments to Rule 26 deleted the provision in 26(b)(1) authorizing the court to order, for good cause, discovery of any matter relevant to the subject matter involved in the action, as the purpose of that provision was largely addressed by the proportionality considerations which had been restored to 26(b)(1) from 26(b)(2)(C)(iii). See Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment. While of academic interest, the distinction between subject matter and relevant information that is proportional to the needs of the case is not of particular importance here, as Plaintiffs' discovery requests relate to the conspiracy claim which they have made in their Complaint and Amended Complaint.

being sought from those three "is relevant to any claim or defense" of a conspiracy involving the Defendants.

Whalen's request for an award of expenses is denied. Whalen's filings with this Court omitted that Plaintiffs' attorney had confined the subpoena duces tecum to address Whalen's concerns, and Whalen exaggerated the burden he faced in disclosing information ultimately sought by Plaintiffs' counsel, which appears to have related to "perhaps as few as" three of his clients. Whalen's public comments about forced catheterization make it clear that he had information about that practice occurring in south central South Dakota, and the subpoena duces tecum to him was not calculated to be burdensome, oppressive, annoying or embarrassing.

The other law enforcement agencies subpoenaed are alleged to have been involved in a conspiracy with the Defendants according to the Complaint and the Amended Complaint. The South Dakota Highway Patrol just this week was added as a party defendant to the case through the Amended Complaint. A party to a federal civil case generally and absent peculiar circumstances makes initial disclosures under Rule 26(a)(1) to begin the discovery process. Fed. R. Civ. P. 26(a)(1). For a new party first served or added after a Rule 26(f) conference has occurred, the disclosures are due 30 days after service or joinder of that party. Fed. R. Civ. P. 26(a)(1)(D). The South Dakota Highway Patrol no doubt will have counsel and make its initial disclosures in this case, and this Court believes that it is proper to allow time for retention of counsel and for that counsel to be involved in responding to the subpoena duces tecum to the South Dakota Highway Patrol. Thus, under Rule 26(c)(1)(B), a protective order will enter allowing the South Dakota Highway Patrol until 30 days after service of the Amended Complaint both to make its initial disclosures and to respond to the subpoena duces tecum.

The remaining law enforcement agencies face subpoenas duces tecum that relate to the conspiracy allegations. Of course, a plaintiff may not broaden the scope of permissible discovery simply by having impertinent or extraneous allegations in the complaint. The allegations of a conspiracy by these five plaintiffs involving law enforcement agencies with whom they had no contact, on initial blush, seem a bit impertinent or extraneous, as if calculated toward possibly finding other plaintiffs to broaden

6

the suit. Thus, it is important to evaluate whether the conspiracy allegations are part of a viable claim or simply inserted into the Complaint to facilitate a fishing expedition. This is a question that no party directly addressed in briefing.

A conspiracy claim under 42 U.S.C. § 1985 requires proof of some meeting of the minds among defendants resulting in an agreement, express or tacit, to achieve an unlawful end—in this case, allegedly depriving Plaintiffs of constitutional rights to be free from unlawful and unreasonable searches and seizures. 42 U.S.C. § 1985; see also Barstad v. Murray Cty, 420 F.3d 880, 887 (8th Cir. 2005); Seale v. Madison Cty, 929 F. Supp. 2d 51, 71 (N.D.N.Y 2013). A complaint need not name all the alleged conspirators to withstand a motion to dismiss. See Means v. Wilson, 522 F.2d 833, 840–41 (8th Cir. 1975); Kwoun v. Southeast Mo. Prof'l Standards Review Org., 622 F. Supp. 520, 529 (E.D.Mo. 1985); Milner v. Nat'l School of Health Tech., 409 F. Supp. 1389, 1395 (E.D.Pa. 1976). However, a claim of conspiracy under § 1985 requires that "a plaintiff 'must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.'" Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1077–78 (8th Cir. 2016) (quoting City of Omaha Emps. Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989)). This requires "allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." Id. at 1078 (alteration in original) (internal citation omitted). Plaintiffs' allegations of conspiracy are thin in nature and lack specifics as to any agreement, making the decision on the legitimacy of the allegations difficult at this time. Doc. 1 at ¶¶ 31–40; see Johnson v. Perdue, 862 F.3d 712, 717–18 (8th Cir. 2017) (affirming dismissal of a conspiracy claim under 42 U.S.C. § 1985 where a plaintiff's complaint "include[d] no facts suggesting the individual defendants reached an agreement" but rather "relie[d] on conclusory allegations that defendants" engaged in a conspiracy.); Francis v. Giacomelli, 588 F.3d 186, 196–97 (4th Cir. 2009) (same).

Defendants have filed no motion to strike allegations or dismiss the conspiracy claim during the nearly five months this case has been pending. Defendants instead concede that part of request four in the subpoenas duces tecum—seeking "[a]ll communication (electronic and otherwise) between June 29,

2014, and the present, with law enforcement agencies or officers concerning catheterization, or obtaining a urine sample"—would be permissible. In briefing, the Defendants "acknowledge that, to the extent paragraph four seeks communications from or to a Defendant concerning obtaining urine samples obtained by catheterization, it seeks discoverable information." Doc. 16 at 8. Plaintiffs' attorney, indeed with the perhaps unwitting assistance of attorney Whalen[3], presented an explanation of why he believed there was a conspiracy and the reasons for certain conspiracy allegations in the Complaint and Amended Complaint. Therefore, some discovery from those other law enforcement agencies "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Plaintiffs' requests to the other law enforcement agencies though is overbroad and thereby imposes an undue burden on those law enforcement agencies. See Fed. R. Civ. P. 26(c)(1). This case—as it relates to these other law enforcement agencies—concerns an alleged conspiracy to forcibly catheterize people based on search warrants simply authorizing collection of urine samples. Requests not connected to the Defendants or to forced catheterization are not "relevant to any party's claim[s] or defense[s]" under Rule 26(b)(1). All of the paragraphs in the subpoenas request "or obtaining a urine sample," which is overbroad, unduly burdensome and likely not what Plaintiffs really are seeking anyway. The Court will confine and allow the following requests:

1. The affidavit for search warrant, search warrant, and return for every instance of forced or involuntary catheterization conducted between June 29, 2014, and the present.

2. All police reports for every detention, arrest, or incarceration that included an instance of forced or involuntary catheterization between June 29, 2014, and the present.

3. All videotapes of every forced or involuntary catheterization between June 29, 2014, and the present.

4. All communication (electronic and otherwise) between June 29, 2014, and the present, with the City of Pierre, the City of Sisseton, and/or the South Dakota

---

[3] Though represented by counsel, attorney Whalen spoke during the motion hearing, described it being common knowledge that there was widespread forced catheterization to obtain urine samples by law enforcement in south central South Dakota, described having a CD showing the forced catheterization of one of his clients who is adamant that Whalen not disclose the CD or client's identity, and believed himself aware of three of his clients who were subjected to the procedure.

8

> Highway Patrol or other South Dakota state law enforcement agency concerning forced or involuntary catheterization, or obtaining a urine sample by threatening catheterization.
>
> 5. All written policies or instructional materials on obtaining a urine sample by catheterization, or threat of catheterization, that were in effect at any time between June 29, 2014, and the present.
>
> 6. All training or instructional materials regarding catheterizations, or obtaining a urine sample by threatening catheterization, in effect or use from June 29, 2014, to the present.

Because of the refinement and confinement of these requests, the other law enforcement agencies who faced return dates of November 13 on the subpoenas duces tecum are allowed until December 1, 2017, to comply. Plaintiffs' counsel shall notify the other law enforcement agencies of this opinion and order. Plaintiffs' counsel has advised that he has had discussions with entities subpoenaed about accommodations to them in producing documents. Nothing in this order should be interpreted as setting aside any additional accommodations or other confinement of the request that Plaintiffs' counsel has or is willing to make.

Much of the information sought will contain information of a confidential or sensitive nature, possibly including videotape of people being forcibly catheterized or information from search warrant applications and affidavits about suspected drug activity and investigations. Therefore, this Court directs counsel for all parties that the material produced in response to the subpoenas duces tecum is to be viewed by counsel for the parties only at this time and is not to be disseminated or used outside of this case unless and until this Court so authorizes. The Court encourages counsel to cooperate to propose a protective order for the Court to execute if they perceive that other such matters may be part of discovery in this case.

## III. Order

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Defendants' Motion for Protective Order, Doc. 15, is granted in part to the extent explained in this Opinion and Order. The subpoenas duces tecum to the medical providers and to Whalen are quashed and no discovery in this case shall take place from them absent an order of this

Court. Further, the subpoenas duces tecum to the other law enforcement agencies is confined as set forth herein. It is further

ORDERED that Whalen's Motion to Quash or Modify Subpoena or for Protective Order, Doc. 19, is granted at this time, but no fees or expenses are awarded.

DATED this 9th day of November, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE